[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16083

_____

D. C. Docket No. 07-00079-CV-5

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 20, 2010
JOHN LEY
CLERK

JAMIE MCDANIEL,

Plaintiff-Appellee,

versus

ROBERT SMITH,

Defendant-Appellant,

ALAN G. PAULK, JR., et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 20, 2010)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

After review and oral argument, and accepting Plaintiff-Appellee's version of the facts at this interlocutory stage, we conclude Defendant-Appellant Sheriff Robert Smith, sued individually, has not shown reversible error in the district court's order (dated October 29, 2009) which (1) denied qualified immunity as to Plaintiff-Appellee's federal claims brought under 42 U.S.C. §§ 1983 and 1988 in Counts 4, 5, and 7, and (2) denied official immunity as to Plaintiff-Appellee's state law claims in Counts 10, 11, 12, and 14.  On appeal, we note Defendant-Appellant Smith did not present argument as to Counts 17 (attorneys' fees) or 18 (punitive damages).

However, we reverse the district court's denial of qualified immunity to Defendant-Appellant Smith on the §§ 1983 and 1988 federal claims in Count 1 to the extent that count alleges a separate substantive due process claim under solely the Fourteenth Amendment because that count fails to state a separate constitutional violation.

There is a factual issue about whether Harper was acting on his own or at Sheriff Smith's direction and as his agent, which impacts certain counts in the Amended and Restated Complaint.  To the extent an election, if any, is needed between different counts, we leave that issue to the district court in the first

2

instance.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.